IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| SHARON M. HELMAN,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>Respondent. | No. 2015-3086 |

**NOTICE OF SOLICITOR GENERAL'S DECISION NOT TO DEFEND
CONSTITUTIONAL CHALLENGE
AND
JOINT MOTION FOR 30-DAY EXTENTION OF THE TIME FOR
FILING PETITIONER'S REPLY BRIEF**

The government hereby notifies the Court that the Solicitor General has determined that the government will not defend 38 U.S.C. § 713, the statute at issue in this case, against petitioner's constitutional challenge under the Appointments Clause, U.S. Const. art. II, § 2, cl. 2. For the reasons explained in the brief we have filed with the Court today, the Solicitor General has concluded that section 713 violates the Appointments

Clause to the extent that it vests final and unreviewable discretion in an administrative judge of the Merit Systems Protection Board. Accordingly, pursuant to 28 U.S.C. § 530D(a)(1)(B), the Attorney General has notified Congress that the government will not defend section 713 under the Appointments Clause. A copy of the Attorney General's letter is attached to this motion.

In light of the Solicitor General's determination, the parties hereby jointly request that the Court grant a 30-day extension of the time for filing petitioner's reply brief, to and including **July 20, 2016**, to permit Congress an opportunity to decide whether to appear in support of the constitutionality of section 713. *See* 28 U.S.C. § 530D(b)(2). The requested extension is appropriate to ensure an orderly presentation of the issues in this case in the event Congress elects to appear. A declaration of counsel accompanies this motion.

Counsel for petitioner, Jeffrey Lamken, has authorized us to state that petitioner joins in this motion.[1]

## CONCLUSION

For the foregoing reasons, the parties jointly request that the Court grant a 30-day extension of the time for filing petitioner's reply brief in this case, to and including July 20, 2016, to permit Congress an opportunity to decide whether to appear in support of the constitutionality of section 713.

---

[1] Because the extension is being provided to give Congress the opportunity to submit a brief to this Court, petitioner may need to seek a further extension of time for her reply brief in the event Congress does file a brief, particularly if new issues are raised or the filing occurs in close proximity to the deadline for reply.

|  |  |
|---|---|
|  | Respectfully submitted, |
| **s/ Jeffrey A. Lamken** | MARK B. STERN |
| Jeffrey A. Lamken | (202) 514-5089 |
| Robert K. Kry |  |
| Eric R. Nitz | **s/ Mark R. Freeman** |
| MOLOLAMKEN LLP | MARK R. FREEMAN |
| The Watergate, Suite 660 | (202) 514-5714 |
| 600 New Hampshire Avenue, N.W. | Attorney, Appellate Staff |
| Washington, D.C. 20037 | Civil Division |
| (202) 556-2000 (telephone) | U.S. Department of Justice |
| (202) 556-2001 (facsimile) | 950 Pennsylvania Ave., N.W. |
| jlamken@mololamken.com | Room 7228 |
|  | Washington, D.C. 20530 |
| Debra L. Roth | mark.freeman2@usdoj.gov |
| *Counsel of Record* |  |
| Julia H. Perkins | *Attorneys for Respondent* |
| James P. Garay Heelan |  |
| Shaw, Bransford & Roth P.C. |  |
| 1100 Connecticut Avenue, N.W. |  |
| Suite 900 |  |
| Washington, D.C. 20036 |  |
| (202) 463-8400 (telephone) |  |
| (202) 833-8082 (facsimile) |  |
| droth@shawbransford.com |  |

*Attorneys for Petitioner*

JUNE 2016

IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

| | |
|---|---|
| SHARON M. HELMAN,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF VETERANS AFFAIRS,<br><br>Respondent. | No. 2015-3086 |

**DECLARATION OF COUNSEL**

I, Mark R. Freeman, hereby declare as follows:

1. I am an attorney with the Appellate Staff of the Civil Division of the U.S. Department of Justice in Washington, D.C. I have filed an appearance in this matter as counsel for respondent, the Department of Veterans Affairs.

2. The Solicitor General has determined that the government will not defend 38 U.S.C. § 713, the statute at issue in this case, against petitioner's constitutional challenge under the Appointments Clause, U.S.

Const. art. II, § 2, cl. 2.  Consistent with that determination, the government filed its responsive brief in this matter today.  The government's brief explains that section 713 violates the Appointments Clause to the extent it vests an employee of the Merit Systems Protection Board with final authority, unreviewable by any Officer in the Executive Branch, to determine whether the Secretary's removal of a senior executive comports with the federal civil service laws.

3. Petitioner's reply brief is currently due on June 20, 2016, including the additional three days after service provided by Fed. R. App. P. 26(c).

4. In light of the Solicitor General's determination, the parties jointly request that the Court grant a 30-day extension of the time for filing petitioner's reply brief, to and including July 20, 2016, to permit Congress an opportunity to decide whether to appear in support of the constitutionality of section 713.  The requested extension will ensure an orderly presentation of the issues in the event Congress elects to appear.

5.  Counsel for petitioner, Jeffrey Lamken, has authorized me to state that this motion is filed jointly on behalf of both parties.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on June 1, 2016.  *See* 28 U.S.C. § 1746(2).

**s/ Mark R. Freeman**
_____
Mark R. Freeman
Attorney, Appellate Staff
Civil Division
U.S. Department of Justice

# ATTACHMENT

Letter from Attorney General Lynch to Speaker Ryan
dated May 31, 2016



# Office of the Attorney General
## Washington, D. C. 20530

May 31, 2016

The Honorable Paul Ryan
Speaker
U.S. House of Representatives
Washington, DC 20515

      Re:    *Helman* v. *Department of Veterans Affairs*,
            No. 15-3086 (Fed. Cir.)

Dear Mr. Speaker:

      Consistent with 28 U.S.C. 530D, I write to you concerning the above-referenced case, which involves a constitutional challenge to a statutory provision added by Section 707 of the Veterans Access, Choice, and Accountability Act of 2014, Pub. L. 113-146, 128 Stat. 1754 (codified at 38 U.S.C. 713(e)(2)).

      Section 707 authorizes the Secretary of Veterans Affairs to remove a senior executive at the Department of Veterans Affairs (DVA) under streamlined procedures "if the Secretary determines that the performance or misconduct of the individual warrants removal." 38 U.S.C. 713(a)(1). The statute provides that an individual removed under that section may appeal her removal "to the Merit Systems Protection Board under section 7701 of title 5." 38 U.S.C. 713(d)(2)(A). Section 707 specifies, however, that the Merit Systems Protection Board "shall refer such appeal to an administrative judge," 38 U.S.C. 713(e)(1), and that the decision of the administrative judge "shall be final and shall not be subject to any further appeal." 38 U.S.C. 713(e)(2).

      In this case, pursuant to Section 707, the Secretary removed petitioner Sharon Helman from her senior executive position as Director of the Phoenix Veterans Administration Health Care System in Phoenix, Arizona. Helman appealed to the Merit Systems Protection Board, which referred her appeal to an administrative judge, as Section 707 requires. The administrative judge sustained two of the three charges against Helman and upheld her removal. The Merit Systems Protection Board refused to entertain Helman's appeal of that decision, explaining that Section 707 renders the administrative judge's decision final and unappealable. Helman then filed a petition for review in the United States Court of Appeals for the Federal Circuit, contending that Section 707 violates the Constitution in several respects. As relevant here, Helman contends that Section 707 violates the Appointments Clause (U.S. Const. art. II, § 2, cl. 2) insofar as it vests an administrative judge with unreviewable discretion to decide whether her removal violated federal law.

      I write to advise you that the Department of Justice has decided not to defend 38 U.S.C. 713(e)(2) against the Appointments Clause challenge in this case. The Constitution requires that

The Honorable Paul Ryan
Page 2

"Officers of the United States" be appointed in the manner prescribed by that Clause. The Supreme Court has held that "officers" under the Constitution are officials who "exercis[e] significant authority pursuant to the laws of the United States." *Buckley* v. *Valeo*, 424 U.S. 1, 125-126 (1976). Section 707 requires the Merit Systems Protection Board to refer to an administrative judge an appeal by a DVA senior executive who has been removed by the Secretary; resolution of the appeal is committed to that judge's final and unreviewable discretion. 38 U.S.C. 713(e)(1), (2). Administrative judges are not appointed as officers of the United States, but rather are "employee[s] of the Board designated by the Board [to] administer oaths, examine witnesses, take depositions, and receive evidence." 5 U.S.C. 1204; see 5 C.F.R. 1201.4(a). Section 707 thus vests a federal employee with the final authority—unreviewable by any politically accountable officer of the Executive Branch—to determine whether to uphold the removal of a DVA senior executive, which includes the power to overrule the decision of a Cabinet-level officer. That scheme, which impairs the President's ability to supervise the execution of the federal civil service laws, is inconsistent with the Appointments Clause. See *The Attorney General's Duty to Defend the Constitutionality of Statutes*, 5 Op. O.L.C 25, 25 (1981) (explaining that the Department appropriately declines to defend the constitutionality of an Act of Congress when it "infringes on the constitutional power of the Executive"). Accordingly, the Justice Department will not defend 38 U.S.C. 713(e)(2) against the Appointments Clause challenge in this case.

I note that the scope of this decision is narrow. Although the Department of Justice has decided not to defend 38 U.S.C. 713(e)(2) against the Appointments Clause challenge in this case, the Department will continue to defend the vast bulk of the statute. Thus, the Department will recommend to the court of appeals that it hold invalid and sever only 38 U.S.C. 713(e)(2) and those provisions of 38 U.S.C. 713 that are inextricably intertwined with that provision. The Department will urge that the remainder of the statute remain intact, and the Department will defend the remainder of the statute against the other constitutional arguments that Helman has raised.

The government's brief is due to be filed in the Federal Circuit on June 1, 2016. Please note as well that Congress is currently considering legislation that is designed to address the constitutional infirmity identified in this letter, including a bill that has been drafted in consultation with DVA.

Please do not hesitate to contact this office if we can be of further assistance in this matter.

Sincerely,

Loretta E. Lynch
Attorney General

# CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2016, I electronically filed the foregoing motion with the Clerk of the Court by using the appellate CM/ECF system.

I certify that the participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

                                            **s/ Mark R. Freeman**
                                            MARK R. FREEMAN